RECEIVED
IN ALEXANDRIA, LA.

NOV 1 4 2012

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO. 10-351 |
| -vs- | JUDGE DRELL |
| THOMAS STEVEN SANDERS | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a Motion to Dismiss Superceding Indictment filed by Defendant. (Doc. 44). For the following reasons, the motion will be **DENIED**.

### I. Factual and Procedural Background

Defendant was charged by Criminal Complaint dated October 29, 2010 with violating 18 U.S.C. § 1201, which prohibits a person from unlawfully kidnapping another person and then transporting that person in interstate commerce, on or about the dates of September 4, 2010 and September 11, 2010 in Catahoula Parish in the Western District of Louisiana. (Doc. 1). An arrest warrant was issued by Magistrate Judge James Kirk on October 29, 2010. (Doc. 2). Defendant was arrested on November 15, 2010 and brought before a United States Magistrate Judge in the Southern District of Mississippi for an initial appearance. (Doc. 3).

On November 18, 2010, a grand jury returned a one count indictment alleging a violation of 18 U.S.C. § 1201, as well as a forfeiture allegation

regarding a firearm. (Doc. 5). On January 26, 2011, the grand jury returned a superceding indictment. (Doc. 24). The new indictment again charged defendant with kidnapping pursuant to 18 U.S.C. § 1201(a)(1), and added a second count alleging a violation of 18 U.S.C. § 924(c)(1)(A) & (j)(1), carrying and using a firearm in relation to a crime of violence, and murdering and causing the death of another through the use of a firearm. In addition to charging the two criminal offenses, the superceding indictment also includes a Notice of Special Findings by the grand jury. These special findings relate to the statutory provisions of 18 U.S.C. §§ 3591 and 3592, the Federal Death Penalty Act.

Defendant was arraigned on the superceding indictment on February 11, 2011 and again entered a plea of not guilty. (Doc. 30). Defendant filed the present Motion to Dismiss the Superceding Indictment (Doc. 44) on January 3, 2012. The Government has responded (Doc. 51). The Court heard oral argument on the motion, and the disposition of the motion is now appropriate.

II. **Law and Analysis**

Defendant argues the superceding indictment should be dismissed because (1) it violates the requirements of the Speedy Trial Act ("STA") and (2) it violates the provisions of the Double Jeopardy Clause of the Fifth Amendment.

A.  *Speedy Trial Act*

Pursuant to the STA, an indictment charging an individual with the commission of an offense "shall be filed within thirty days from the date on which such individual was arrested or served with summons in connection with such charges." 18 U.S.C. § 3161(b). If "a complaint is filed charging such individual with an offense," and the indictment charging the offense is untimely, "such charge against the individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). The original indictment (Nov. 18, 2010) was filed within thirty days of the defendant's arrest, but it did not contain the 924(c) firearm charge nor did it contain the 3591 and 3592 death penalty aggravating factors. The superceding indictment containing the additional charge and factors was filed outside the thirty-day window.

In general, "the government's failure to indict a defendant within thirty days of his arrest on one charge does not start the speedy trial clock as to other charges subsequently filed." U.S. v. Bailey, 111 F.3d 1229, 1235–36 (5th Cir. 1997), *cert. denied* 522 U.S. 927 (1997), (citing U.S. v. Giwa, 831 F.2d 538, 542 (5th Cir. 1987)). The Fifth Circuit stated the "'clear mandate of § 3162(a)(1) requires dismissal of only those charges contained in the original complaint' or other accusatory instrument." Id. at 1236 (citing Giwa, 831 F.2d at 543).

3

A "gilding" exception exists to the general rule: "where 'a subsequent charge merely "gilds" the initial charge filed against an individual and the different accusatorial dates between the two charges are not reasonably explicable,' [the Fifth Circuit] has held that 'the date of the initial arrest may trigger the applicable time periods of the [STA] as to prosecution for both offenses.'" Bailey, 111 F. 3d at 1236 (citing Giwa, 831 F.2d at 542).

In Bailey, the defendant was "arrested for two misdemeanor counts and indicted for four entirely different offenses, all felonies." Id. In the original bill of information (filed within thirty days of his arrest), the Bailey defendant was charged with a misdemeanor of possession of stolen property, a handgun, valued at less than $100. In the subsequent indictment (filed beyond the thirty-day limit), the defendant was charged with the felony of receipt of a stolen firearm valued at more than $100. The misdemeanor was dismissed based on the subsequent felony indictment for the same conduct, but the Fifth Circuit ruled that the felony stolen firearm charge did not merely "gild" the misdemeanor stolen property charge, despite the fact that they were based on the same act. In so finding, the Bailey court looked to Supreme Court jurisprudence under the line of cases stemming from Blockburger v. U.S., 284 U.S. 299 (1932) concerning double jeopardy and the requirement of different elements. Bailey, 111 F.3d at 1236 (citing U.S. v. Dixon, 509 U.S. 688, 696 (1993)).

Defendant argues the "gilding" exception applies in this case because the superceding indictment's Notice of Special Findings (Statutory Aggravating Factors), as it relates to Count One, the kidnapping resulting in death, "gilds" the charge in Count One of the initial indictment by adding new supporting facts to the charge in the complaint.

The Government responds that the gilding exception does not apply to the § 1201 kidnapping charge because the complaint charged kidnapping, and the timely original indictment stopped the speedy trial clock as to that charge. The Notice of Special Findings are not "offenses" within the purview of § 3161. The Government included these aggravating factors in order to "render [the] defendant eligible for the death penalty" as to the kidnapping charge in compliance with Ring v. Arizona, 536 U.S. 584 (2002). U.S. v. Robinson, 367 F.3d 278, 284 (5th Cir. 2004). The Supreme Court in Ring noted: "Arizona's enumerated aggravating factors operate as 'the functional equivalent of an element of a greater offense,'" but the Court did not suggest that the aggravating factors themselves were an offense. Ring, 536 U.S. at 609 (citing Apprendi v. New Jersey, 530 U.S. 466, 494, n.19 (2000)). As to the § 924 firearm charge, this count in the superceding indictment was a new charge and adds entirely new elements that must be proved at trial beyond a reasonable doubt.

We agree with the Government's argument, in particular its reliance on U.S. v. Phipps, 319 F.3d 177 (5th Cir. 2003). In Phipps, defendants were

5

arrested upon a complaint for kidnapping in violation of § 1201. The Fifth Circuit ruled that this arrest did not trigger the thirty-day period under the STA for bringing an indictment as to other carjacking and firearms offenses (including violations of § 924) arising from the same indictment, and thus the superceding indictment charging those other offenses was not untimely. Id. at 182 (discussing the applicability of Giwa and Bailey).

The Phipps court further found the defendants could not take advantage of the gilding exception "because the super[c]eding indictment did not merely supply supporting facts for the kidnapping charge, but added four entirely new charges." Phipps, 319 F. 3d at 182. Finally, although it appears to be stated as dicta, the Fifth Circuit added: "Moreover, the government may have had a good reason to charge defendants solely with kidnapping in the complaint and first indictment: The evidence collected by the time of the complaint and first indictment may not have supported the other four counts." Id. at 182–83.

Similar to the situation in Phipps, and for reasons related to the Double Jeopardy issue discussed *infra*, we find the superceding indictment in the present case (Doc. 24) adds an entirely new charge under § 924 regarding the use of the firearm. Accordingly, Defendant's Motion to Dismiss on the basis of the Speedy Trial Act will be **DENIED**.

B.  *Double Jeopardy*

As described above, the Government argues against a violation of the Double Jeopardy Clause because the § 1201 kidnapping charge and the § 924 firearm charge require proof of different elements; therefore, the two charges are acceptable under Blockburger. Defendant argues the superceding indictment charges Sanders with two separate counts, for which he can be sentenced to two separate death sentences, arising from the same alleged offense conduct, in violation of the Double Jeopardy clause.

Defendant relies on U.S. v. Agofsky, 458 F.3d 369 (5th Cir. 2006) in which the Fifth Circuit summarized the Blockburger test as follows: "each offense must contain an element not contained in the other; if not, they are the same offense . . . and double jeopardy bars subsequent punishment or prosecution." Id. at 371 (quotations and citations omitted) (ellipsis in original). The defendant in Agofsky was charged with (1) federal murder and (2) murder by a federal prisoner. Id. The only difference in the required elements of the two charges was a jurisdictional requirement ("confined in a Federal correctional institution for murder by a federal prisoner), and the Agofsky court stated the Fifth Circuit has "held that jurisdictional elements do not count for double jeopardy purposes." Agofsky, 458 F.3d at 372. See U.S. v. Gibson, 820 F.2d 692 (5th Cir. 1987). Accordingly, the two charges were held to be the same for double jeopardy purposes. Id. at 373.

In response, the Government argues Defendant's double jeopardy argument is premature, because he has not been convicted of either crime and currently faces no imposed sentence. Second, the Government notes that the firearms count under § 924(c) explicitly states the punishment shall be "in addition to" the punishment for the underlying predicate crime of violence. This argument is explicitly supported by the Fifth Circuit in U.S. v. Martinez, 28 F.3d 444 (5th Cir. 1994) ("section 924(c)(1) punishments are to be imposed cumulatively with punishments for underlying crimes of violence"). As applied to the specific elements of the two charges, the Government contends that the firearms count, unlike the kidnapping count, requires proof of both the use of a firearm and the specific intent to commit murder.

Based on Martinez and Phipps, we find no violation of the Double Jeopardy clause because the alleged violation of § 924 requires proof of different elements (specifically, use of a firearm and intent to commit murder) and would stand "on its own" even if the § 1201 kidnapping charge were dismissed. Accordingly, Defendant's Motion to Dismiss based on the Double Jeopardy clause will likewise be DENIED.

III. **Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 44) will be **DENIED**. Disposition will enter by a separate order signed on this date.

SIGNED on this 14th day of November, 2012, at Alexandria, Louisiana.

    DEE D. DRELL, CHIEF JUDGE
    UNITED STATES DISTRICT COURT