RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  6/9/14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00351 |
| -vs- | JUDGE DRELL |
| THOMAS STEVEN SANDERS | MAGISTRATE JUDGE KIRK |

---

### REASONS FOR JUDGMENT

The Court heard oral argument on a Motion to Dismiss the Superseding Indictment (Doc. 152) filed by Defendant, Thomas Stevens Sanders, and ordered that the motion be **DENIED** (Doc. 156). The Court's reasons are as follows.

I.    Background

Defendant is charged in a two-count superceding indictment (Doc. 25) with interstate kidnapping resulting in death under 18 U.S.C. § 1201(a)(1), as well as carrying/using a firearm in relation to a crime of violence and causing the death of another through the use of a firearm under 18 U.S.C. §§ 924(c)(1)(A) and (j)(1). The superceding indictment also includes a Notice of Special Findings listing statutory aggravating factors under 18 U.S.C. §§ 3591 and 3592, the Federal Death Penalty Act. Defendant was arraigned on the superseding indictment on February 11, 2011, and entered pleas of not guilty to both counts. (Doc. 30). Defendant then filed a motion to dismiss the superseding indictment based on the Speedy Trial Act and the Double Jeopardy Clause of the Fifth Amendment (Doc. 44), which this Court denied after oral

argument (Docs. 85, 86). In so ruling, we concluded that "the alleged violation of § 924 requires proof of different elements (specifically, use of a firearm and intent to commit murder) and would stand 'on its own' even if the § 1201 kidnaping charge were dismissed." (Doc. 85 at p. 8).

On January 15, 2014, Defendant filed a Motion to Dismiss the Superseding Indictment on Multiplicity Grounds (Doc. 152), which the Government opposed (Doc. 154). Oral argument was held on February 19, 2014, and Defendant's motion was denied for the reasons that follow. (Doc. 156).

In the motion at issue, Defendant maintains the superseding indictment is prejudicially multiplicitous because it charges him with two separate counts, for which he can receive two separate death sentences, arising from the same alleged offense conduct and relying on the same statutory aggravating factors. The Government argues against a violation of the multiplicity rule because Congress specifically authorized multiple punishments for the two crimes charged in the superseding indictment.

II. <u>Law and Analysis</u>

An indictment is unconstitutionally multiplicitous when it charges "a single offense in separate counts." <u>U.S. v. Woerner</u>, 709 F.3d 527, 538 (5th Cir. 2013) (citing <u>U.S. v. Ogba</u>, 526 F.3d 214, 232–33 (5th Cir. 2008)). The Fifth Circuit has identified two species of multiplicity challenges, one of which is implicated here:

> The first type arises when a defendant is charged with violating two different statutes, one of which is arguably the lesser included offense of the other... The second type of multiplicity challenge arises when charges for multiple violations of the same statute are predicated on arguably the same criminal conduct.

Woerner, 709 F.3d at 539.

Defendant's motion involves the first type of multiplicity challenge, a claim that the kidnapping charge in count one is "subsumed" by the firearm charge in count two. (Doc. 152-1 at p. 3). According to the Fifth Circuit, this type of challenge is typically addressed by the Blockburger v. U.S.[1] test of whether each offense requires proof of an additional element the other does not. Woerner, 709 F.3d at 539. However, Blockburger is "a rule of statutory construction to help determine legislative intent" when the same conduct violates multiple statutes, and should not control the analysis when "legislative intent is clear from the face of the statute or the legislative history." Garrett v. U.S., 471 U.S. 773, 778–79 (1985) (citations omitted). See also Albernaz v. U.S., 450 U.S. 333, 340 (1981). Indeed, the Supreme Court has held that where Congress specifically authorizes cumulative punishment under separate statutes, regardless of whether those statutes "proscribe the 'same' conduct under Blockburger, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." Missouri v. Hunter, 459 U.S. 359, 368–69 (1983).

As noted above, we have already considered whether § 1201 and § 924 prohibit the same offense in the context of Defendant's motion to dismiss on double jeopardy grounds. (See Doc. 85). For the reasons detailed in our previous ruling, the § 1201 kidnapping charge and the § 924 firearm charge require proof of different elements, namely use of a firearm and intent to commit murder, and therefore are acceptable under

---

[1] 284 U.S. 299 (1932).

3

Blockburger. Moreover, there is a clear indication that Congress intended multiple punishments for violations of § 924(c) and for the underlying crime of violence:

> the straightforward language of § 924(c) leaves no room to speculate about congressional intent. [citation omitted] The statute speaks of "any term of imprisonment" without limitation, and there is no intimation that Congress meant § 924(c) sentences to run consecutively only to certain types of prison terms. . . When a defendant violates § 924(c), his sentencing enhancement under that statute must run consecutively to all other prison terms.

U.S. v. Gonzales, 520 U.S. 1, 9–10 (1997). See also U.S. v. Martinez, 28 F.3d 444, 446 (5th Cir. 1994) ("[S]ection 924(c)(1) punishments are to be imposed cumulatively with punishments for underlying crimes of violence.").

While the Supreme Court and the Fifth Circuit have yet to decide whether a sentence for an offense under § 924(j) must run consecutively with other sentences, the majority of circuit courts to consider the issue have held in the affirmative.[2] In fact, the parties cite, and this Court has found, only one case to reach a contrary conclusion, U.S. v. Julian, 633 F.3d 1250, 1253 (11th Cir. 2011). In Julian, the Eleventh Circuit held that § 924(j) constitutes a separate offense to which § 924(c)'s consecutive sentence mandate does not apply, reasoning as follows:

> Section 924(c) prohibits concurrent sentences, but this prohibition applies only to "a term of imprisonment imposed on a person under this subsection." [18 U.S.C.] § 924(c)(1)(D)(ii). Section 924(j), not section 924(c), provided Julian's sentence. This reading is consistent with decisions of our sister circuits that have declined to read section 924(o), which punishes

---

[2] See, e.g., U.S. v. Garcia-Ortiz, 657 F.3d 25, 31 (1st Cir. 2011); U.S. v. Berrios, 676 F.3d 118, 139–44 (3d Cir. 2012); U.S. v. Hatten, 2007 WL 1977663, *3 (4th Cir. July 5, 2007); U.S. v. Dinwiddie, 618 F.3d 821, 837 (8th Cir. 2010); U.S. v. Allen, 247 F.3d 741, 767–69 (8th Cir. 2001), vacated on other grounds, 536 U.S. 953 (2002); U.S. v. Battle, 289 F.3d 661, 665–69 (10th Cir. 2002). Contra U.S. v. Julian, 633 F.3d 1250 (11th Cir. 2011) (holding that § 924(j) defines a distinct offense from § 924(c) and is not subject to the consecutive sentence mandate).

> "conspir[acies] to commit an offense under subsection (c),"as requiring consecutive sentences.

(citations omitted). However, a subsequent case from the Third Circuit Court of Appeals, U.S. v. Berrios, 676 F.3d 118, 143 (3d Cir. 2012), explains the flawed reasoning in Julian as it applies to the present case:

> [T]he Eleventh Circuit's reasoning [in Julian is] unpersuasive. In concluding that a subsection (j) penalty is not "imposed under" subsection (c) because subsection (j) "provided [defendant's] sentence," the Eleventh Circuit looked to "decisions of our sister circuits that have declined to read section 924(o), which punishes 'conspir[acies] to commit an offense under subsection (c),' as requiring consecutive sentences." But neither [of] the two cases on which Julian relies, are analogous. In those cases, the defendant was charged and convicted of a § 924(o) offense, but sentenced under § 924(c), thereby posing a severe problem under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Here, on the other hand, as in Julian, the defendant was convicted and sentenced under the same provision, § 924(j), thereby implicating none of the concerns underlying those decisions. Moreover, § 924(o)'s relationship to § 924(c) is easily distinguishable from that of § 924(j): § 924(o) creates a conspiracy offense, which is by nature inchoate, and therefore does not require that the defendant actually commit the underlying crime. In that regard, a § 924(o) sentence, unlike § 924(j), is in no way dependent on a § 924(c) violation, and therefore provides no guidance for our analysis here.

(internal citations omitted). The court went on to explain:

> A defendant who violates subsection (j) by definition violates subsection (c), and therefore is subject to the [consecutive sentence] mandate [of subsection (c)], regardless of whether § 924(j) constitutes a discrete criminal offense from § 924(c). And when Congress required proof of a § 924(c) violation before imposing the penalties listed under § 924(j), it intended to include a subsection (j) penalty within the scope of those sentences "imposed under" subsection (c).

Id. at 144. Based on the reasoning in Berrios, we join the majority of circuit courts in concluding that Congress intended to impose cumulative punishment for a violation of § 924(j), and reject Defendant's multiplicity challenge accordingly.

5

Defendant also maintains the superseding indictment violates his constitutional rights because it creates an unacceptable risk of jury confusion, prejudice, and compromise at the conviction and penalty phases. In support of this argument, Defendant cites U.S. v. Hearod, 499 F.2d 1003, 1005 (5th Cir. 1974), in which the Fifth Circuit summarized the dangers of a multiplicitous indictment as follows:

> The principal danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense. . . The second hazard is that the repeated assertion of the details of a singular course of conduct in multiple counts will prejudice the defendant and confuse the jury by suggesting that not one *but several crimes have been committed*.

(citations omitted) (emphasis added).

On closer examination, however, Hearod does not support a finding that jury confusion, prejudice, or compromise is likely to result from the charging of two death-eligible offenses for the same underlying conduct in this case. The defendant in Hearod was charged in a two-count indictment with (1) deprivation of rights under color of law and (2) interfering with a federally-protected activity because of race based on the alleged beating of an arrestee. On appeal of a single-count conviction, he claimed his indictment was multiplicitous based on the inclusion of the assault in both counts, but the Fifth Circuit ruled that the two counts contained "simple and direct averments" that the same conduct violated *two separate statutes*. Id. The court then added: "There was no threat of generating an adverse psychological logical effect on the jury." Id.

In response, the Government argues that Defendant's prejudice argument is premature because he has not been convicted of either crime and currently faces no imposed sentence. The Government also notes that the Court will instruct the jurors to

6

evaluate each charge separately and independently at the penalty phase. We agree with the Government's argument, and in particular its reliance on U.S. v. Allen, 247 F.3d 741 (8th Cir. 2001), vacated on other grounds, 536 U.S. 953 (2002).

In Allen, the defendant was charged and convicted of armed robbery by force in which a killing occurs under 18 U.S.C. §§ 2113(a) and (e), as well as carrying/using a firearm during a crime of violence and committing murder through the use of a firearm under § 924(c)(1) and (j)(1). He was sentenced to death only on the § 924 firearm charge, but argued on appeal that his double exposure to a death sentence for the same conduct "unduly emphasized the death penalty to the jury and impermissibly skewed the deliberative process in favor of a death sentence in violation of the Eighth Amendment's prohibition against cruel and unusual punishment and the Fifth Amendment's due process right to a fair trial." Id. at 769–70. In rejecting this claim, the Eighth Circuit ruled that "[t]he jury instructions did not unduly emphasize the death sentence option over life in prison, and the instructions made it clear to the jury that they were supposed to evaluate each charged count separately and independently." Id. at 770.

Based on Hearod and Allen, we reject Defendant's claim that the superseding indictment creates an unacceptable risk of jury confusion, prejudice, or compromise by suggesting more criminal activity than occurred. Defendant has not been tried, much less found guilty or sentenced, for the crimes alleged in the superseding indictment. Thus, there is even less evidence than was present in those cases to suggest the jurors, who have not yet been selected, will not conscientiously follow the Court's instructions to evaluate each count separately.

7

III. <u>Conclusion</u>

For the foregoing reasons, we do not find that the superseding indictment is unconstitutionally multiplicitous. No further action is needed on the part of the Clerk of Court because this motion was ordered **DENIED** in open court. (Doc. 156).

SIGNED on this 9th day of June, 2014 at Alexandria, Louisiana.

                                            DEE D. DRELL, CHIEF JUDGE
                                            UNITED STATES DISTRICT JUDGE