RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6 / 9 / 14

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00351 |
|---|---|
| -vs- | JUDGE DRELL |
| THOMAS STEVEN SANDERS | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court are eight appeals from decisions of the Magistrate Judge, two filed by the United States of America ("Government") (Docs. 125, 126) and six filed by Defendant, Thomas Steven Sanders (Docs. 128, 129, 130, 131, 132, 133). After a conference with counsel on February 19, 2014, the Court's disposition as to each of these appeals will be as follows.

The Government's Appeal (Doc. 125) of the Magistrate Judge's Memorandum Order (Doc. 120) regarding discovery of information maintained by the Department of Justice concerning civil rights violations and other deficiencies in confection of the master jury pool is **GRANTED**. For the reasons discussed in a separate ruling issued on this date, the Government is correct that nothing in the pending Middle District of Louisiana case, United States v. Louisiana, No. 3:11-cv-00470 (M.D. La. July 12, 2011) (Doc. 125, Exh. 1), would enhance Defendant's ability to make the required showing of an impermissible disparity between the proportion of African Americans in the community and in grand jury venires. Furthermore, the parties to that case are subject

to a protective order restricting the use and dissemination of certain confidential documents and information obtained in the litigation. United States v. Louisiana, No. 3:11-cv-00470, Revised Protective Order, ECF No. 125, MDLA (Doc. 125, Exh. 2). Accordingly, the discovery order (Doc. 120) is **REVERSED**.

Further, the compliance dates having been discussed in chambers and no objection having been noted, the (1) cross-appeals (Docs. 126, 132) of the Magistrate Judge's Memorandum Order (Doc. 121) regarding Defendant's omnibus motion for Rule 16 discovery and inspection, and (2) Defendant's appeals (Docs. 128, 129, 131) of the Magistrate Judge's Memorandum Orders (Docs. 117, 118, 114) regarding (a) Defendant's motion for disclosure of information concerning the influence of race and gender on the Government's decision to seek the death penalty, (b) Defendant's motion for discovery related to records and files of law enforcement agencies, and (c) the Government's motion for reciprocal discovery pursuant to Fed. R. Crim. P. 16(b) are **DENIED and DISMISSED**.

Likewise, Defendant's Appeal (Doc. 130) of the Magistrate Judge's Memorandum Order (Doc. 115) denying in part Defendant's motion for discovery related to experts is **DENIED and DISMISSED**. Pursuant to the Revised Scheduling Order (Doc. 146), all motions challenging the qualifications or testimony of experts under Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), must be filed no later than sixty (60) days prior to trial. The Daubert motion is the appropriate vehicle for raising such issues. If filed, any Daubert motions will be considered by the undersigned.

Finally, Defendant's Appeal (Doc. 133) of the Magistrate Judge's Memorandum Order (Doc. 116) denying Defendant's motion for a bill of particulars is **GRANTED IN PART**, in that the Government is hereby **ORDERED** to file a bill of particulars with further specification regarding the objective information it intends to rely upon to establish the non-statutory aggravating factor of future dangerousness of the defendant, excluding any subjective evidence regarding Defendant's mental health, no later than **June 30, 2014**. In particular, the Government must specify the acts it intends to rely upon to establish that Defendant "engaged in a continuing pattern of violence, attempted violence, and threatened violence, against his former wife and stepson" and any other unadjudicated misconduct evidence it intends to use against Defendant during the penalty phase of trial in order to more fully enable Defendant to prepare his case, as well as to provide the Court with some frame of reference for ruling on objections to the death penalty notice. Defendant's Appeal (Doc. 133) is otherwise **DENIED IN PART and DISMISSED**.

SIGNED on this 9th day of June, 2014 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE